UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BONNIE THOMPSON** | **:** | **CIVIL ACTION NO. 19-00136** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **SHELTER MUTUAL INSURANCE CO.** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand filed by plaintiff Bonnie Thompson. Doc. 4. Defendant, Shelter Insurance Company ("Shelter"), opposes the motion. Doc. 6. The matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated **IT IS RECOMMENDED** that the motion be **DENIED**.

**I.**
**BACKGROUND**

Plaintiff alleges that on November 23, 2016, she was involved in an automobile accident when her vehicle was struck from behind by another vehicle driven by Roger E. Fields. *See* Doc. 1, att. 5. Plaintiff contends that she was operating her vehicle with the permission and consent of the owner, Cherokee Marine, LLC, who maintained uninsured/underinsured motorist insurance with defendant Shelter. *Id.* at 2. Plaintiff alleges that the accident caused "injuries to her body as a whole, including, but not limited to her neck and back." *Id.* Plaintiff further alleges that the amount she recovered from Fields and his insurer was insufficient to cover her damages and she is therefore entitled to proceed against Shelter. *Id.*

Plaintiff filed suit against Shelter in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana on September 21, 2018. *Id.* at 1-4. In her petition she alleges that she provided "sufficient proof of loss" to Shelter yet Shelter arbitrarily and capriciously refused to make a reasonable tender. *Id.* at 2-3. She asks for recovery of penalties and attorney fees under Louisiana Revised Statutes 22:1892 and 22:1973. *Id.* at 3. In her prayer for relief plaintiff asks for judgment against Shelter for a "reasonable amount of general damages, special damages, lost wages, loss of earning capacity, past, present and future medical expenses and pain and suffering." *Id.*

On December 18, 2018, Shelter filed an answer and an exception of vagueness and ambiguity on the basis that the petition failed to comply with Louisiana Code of Civil Procedure article 893 which requires that a party plead whether the claims are sufficient to allow a trial by jury and/or establish the lack of jurisdiction of federal courts. Doc. 1, att. 5, pp. 9-13. In an opposition to the exception filed on January 23, 2019 plaintiff argued that Shelter had notice that her claim was valued at "at least $250,000" from the petition and from a February 5, 2018 pre-lawsuit proof of loss demand requesting that the $250,000 policy limits be tendered. *Id.* at pp. 23-24. The February 2018 demand was attached as an exhibit to the opposition. *Id.* at pp. 31-33.

Shelter removed the case to this court on February 4, 2019 based on diversity jurisdiction, 28 U.S.C. §1332. Shelter argues that plaintiff's opposition to the exception of vagueness provided the first notice that the amount in controversy exceeded $75,000. Shelter maintains that the petition was "facially unclear" as to whether or not plaintiff's damages exceeded $75,000 and the February 2018 demand letter was sent before suit was filed. Thus Shelter contends that the opposition to the exception was an "amended pleading, motion, order, or other paper" and removal within 30 days of receipt of this document was proper and timely. *See generally* Doc. 1. Conversely plaintiff argues that removal is untimely because the demand letter and petition gave Shelter notice of the amount

in controversy.  Doc. 4, att. 5.

## II.
## LAW AND ANALYSIS

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court.  28 U.S.C. § 1441(a).  District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).  The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists.  *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Louisiana law forbids plaintiffs in state courts from pleading a specific monetary value of damages.  *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).  Therefore, when a case originally filed in a Louisiana state court is removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  *Id.* (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).  A defendant may meet this burden by either (1) showing that it is facially apparent from the allegations in the petition that the amount in controversy exceeds $75,000, or, if it cannot be shown from the petition, (2) offering summary-judgment type evidence that supports a finding of the requisite amount.  *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).

Under 28 U.S.C. § 1446(b), the notice of removal generally must be filed within 30 days of defendant's receipt of the complaint.  This limitations period is only triggered, however, if the initial pleading "*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the jurisdictional amount . . . ."  *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013)(emphasis in original) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)).  If, however, the case stated by the initial pleading is not removable, removal must be

effected within 30 days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The amount of a settlement offer provides valuable evidence of the amount in controversy at the time of removal. *Soileau v. Louisville Ladder, Inc.*, 2008 WL 1924234, at *2 (W.D. La. Apr. 28, 2008)(citing *Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F.Supp. 969, 971 (M.D. La. 1995)). However, only paper received after the initial pleading was filed can qualify as "other paper" under § 1446(b)(3). *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992). Even if they gave the defendant subjective knowledge of the potential amount in controversy, "[p]re-suit settlement demands and medical bills do not cause the 30 day clock to run if the later receipt of a pleading does not itself reveal on its face that the case is removable." *Hoffman v. Oyeket*, 2017 WL 2963226, at *1 (E.D. La. Jul. 12, 2017)(citing *Chapman*, 969 F.2d at 162–63). Accordingly, the 30-day clock could not be triggered by the initial pleading and a pre-suit settlement demand, if the complaint itself did not affirmatively reveal that the plaintiff seeks more than $75,000. *Id.* at *2–*3; *accord George v. Wal-Mart Louisiana, LLC,* 2007 WL 196902, at *2 (W.D. La. Jan. 23, 2007).

We must therefore determine whether the initial pleading affirmatively revealed that plaintiff sought damages in excess of $75,000.

Plaintiff's petition for damages states that she "sustained injuries to her body as a whole, including, but not limited to her neck and back." Doc. 1, att. 5, p. 2, ¶ 7. She also claims damages for past, present, and future mental and physical pain and suffering, mental anguish and emotional distress, loss of enjoyment of life, past, present, and future lost wages and loss earing capacity. *Id.* Plaintiff maintains that the amount recovered from the other driver's insurance was "insufficient"

to cover her damages and that Shelter has made no unconditional tender to her demands. *Id.* at ¶¶ 8, 10. She alleges that Shelter was arbitrary and capricious in its failure to make a tender and seeks penalties, interest, and attorney's fees pursuant to LSA R.S. 22:1892 and LSA R.S. 22:1973. *Id.* at ¶¶ 11-15.

Attorney fees and other penalties may be included in the total amount in controversy if a state statute provides for them. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Accordingly, these potential amounts may be included in the amount in controversy revealed by the complaint.

Here, plaintiff's petition gives little indication of the extent of her injuries, whether or not the impairments were long-term, or if surgical intervention was contemplated. It also fails to mention the amount recovered from the other driver, instead only suggesting that it was insufficient. We cannot say, even if we take into account penalties, interest and attorney's fees, that plaintiff's petition affirmatively revealed on its face that the amount in controversy exceeded $75,000. We instead find that the first time Shelter was put on notice of the amount in controversy was when it received plaintiff's opposition to the exception of vagueness which was filed on January 23, 2019. Shelter removed the case to this court on February 4, 2019, within 30 days of receipt of this other paper and removal is therefore timely. We find that Shelter has met its burden of showing that removal was procedurally proper and that federal jurisdiction exists.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that plaintiff's Motion to Remand [doc. 4] be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and

Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 26th day of July, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE